IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, TRUSTEES OF THE CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND, TRUSTEES OF THE CHICAGO REGIONAL COUNCIL OF CARPENTERS SUPPLEMENTAL RETIREMENT FUND, and TRUSTEES OF THE CHICAGO REGIONAL COUNCIL OF CARPENTERS APPRENTICE TRAINING FUND,<br><br>        Plaintiffs,<br>v.<br><br>JCF of LOCKPORT, INC.,<br><br>        Defendant. | CIVIL ACTION |

## COMPLAINT

Plaintiffs, Trustees of the Chicago Regional Council of Carpenters Pension Fund, et al., by their attorney, Travis J. Ketterman of Whitfield, McGann & Ketterman, complain of the Defendant, JCF of Lockport, Inc., as follows:

### Count I (ERISA and the LMRA)

1. This action arises under Section 502 of the Employee Retirement Income Security Act ("ERISA")(29 U.S.C. §§1132, 1145) and Section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), as amended 29 U.S.C. § 185(a). Jurisdiction is founded on the existence of questions arising there under.

2. The Chicago Regional Council of Carpenters Pension Fund, the Chicago Regional Council of Carpenters Welfare Fund, The Chicago Regional Council of Carpenters Supplemental Retirement Fund, and the Chicago Regional Council of Carpenters Apprentice Training Fund ("Trust Funds") receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the Chicago Regional Council of Carpenters ("Union"), and therefore, are

1

multiemployer plans. (29 U.S.C. §1002). The Trust Funds are administered at 12 East Erie Street, Chicago, Illinois and venue is proper in the Northern District of Illinois.

3. The Defendant is an employer engaged in an industry affecting commerce which entered into Agreements which require the Defendant to pay fringe benefit contributions to the Trust Funds.

4. Delinquent employers are required to pay, in addition to the amounts determined to be due, liquidated damages, interest, reasonable attorney fees, court costs, audit fees, and other reasonable costs incurred in the collection process.

5. The Defendant must submit monthly reports listing the hours worked by its carpenter employees ("contribution reports") and to make concurrent payment of contributions to the Trust Funds based upon the hours worked by its carpenter employees.

6. The Defendant breached the provisions of the Collective Bargaining Agreement and Trust Agreements by failing to submit reports and contributions to the Trust Funds for the months of July 2016.

7. The Defendant breached the provisions of the Collective Bargaining Agreement and the Trust Agreements by failing to submit liquidated damages on previously untimely paid contributions.

8. Plaintiffs have complied with all conditions precedent in bringing this suit.

9. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that may be found to be due and owing from Defendant.

10. Defendant is obligated to pay the attorney fees and court costs incurred by the Plaintiffs pursuant to 29 U.S.C. §1132(g)(2)(D).

11. Pursuant to 29 U.S.C. §1132(g)(2)(B), the Plaintiffs are entitled to interest on any monies that may be found to be due and owing from the Defendant.

12. Pursuant to 29 U.S.C. §1132(g)(2)(C), Plaintiffs are entitled to an amount

equal to the greater of:

    a)    double interest on the unpaid contributions; or

    b)    interest plus liquidated damages provided for under the Trust Agreements not in excess of 20% of amount that is due.

13. Pursuant to the Trust Agreements, Plaintiffs are entitled to liquidated damages at the rate of 1.5% compounded monthly.

WHEREFORE, Plaintiffs pray:

a) That the Defendant be ordered to submit fringe benefit reports and pay contributions and dues for the months of July 2016 through the present.

b) That the Plaintiffs be allowed to submit as estimate of the amount of contributions due should the Defendant fail to submit the reporting forms.

c) That the Defendant be ordered to pay liquidated damages pursuant to the Trust Agreements.

d) That the Defendant be ordered to pay interest on the amount that is due pursuant to 29 U.S.C. §1132 (g)(2)(B).

e) That the Defendant be ordered to pay interest or liquidated damages on the amount that is due pursuant to 29 U.S.C. §1132 (g)(2)(C).

f) That the Defendant be ordered to pay the reasonable attorneys' fees and costs incurred by the Plaintiffs pursuant to the Trust Agreements and 29 U.S.C. §1132 (g)(2)(D).

g) That Plaintiffs have such other and further relief as by the Court may be deemed just and equitable all at the Defendant's costs pursuant to 29 U.S.C. §1132(g)(2)(E).

## Count II (Breach of Settlement Agreement)

1-13. Paragraphs 1-13 of Count I are incorporated by reference as if fully set forth in Count II.

14. On March 27, 2015, the same parties to this lawsuit entered into a Settlement Agreement which resolved various payments owed by the Defendant JCF of Lockport, Inc. A true and accurate copy of the Settlement Agreement is attached to this

Complaint as Exhibit A.

15. In the Settlement Agreement, the parties stipulated that JCF of Lockport owed the Funds a liquidated, non-contingent, and undisputed sum of $370,874.33. (Exhibit A, ¶3(a)).

16. The Settlement Agreement stated that "should JCF fail to make any Installment Payment within the seven (7) business day cure period and/or fail to timely file the Reports or make any required payments thereunder, then JCF stipulated agrees, waives any and all defenses, set offs and counterclaims and consents and confesses to the entry of judgment against it in the Stipulated Amount, minus any Installments made on the Compromised Amount." (Exhibit A, ¶3(f)).

17. Jesus Serna, in his capacity as the authorized representative of JCF of Lockport, Inc. expressly signed the consent to the agreement of the language cited in Paragraph 16 of this Complaint.

18. JCF of Lockport has chronically and habitually violated the Settlement Agreement by failing to submit the reports and payments required by the collective bargaining agreement and the Settlement Agreement.

19. As of the date of the filing of this Complaint, the Stipulated Amount minus Installments made on the Compromised Amount totals $285,874.33.

WHEREFORE, Plaintiffs pray:

a) That the Defendant be held in breach of the Settlement Agreement.

b) That the Defendant be ordered to $285,874.33 to the Plaintiffs as direct damages caused by the Defendant's breach of the Settlement Agreement.

c) That Plaintiffs have such other and further relief as by the Court may be deemed just and equitable all at the Defendant's costs pursuant to 29 U.S.C. §1132(g)(2)(E).


Respectfully Submitted,

CHICAGO REGIONAL COUNCIL PENSION FUND et al.

By:  s/Travis J. Ketterman
 _____
 TRAVIS J. KETTERMAN

Travis J. Ketterman
Attorney for Plaintiffs
Whitfield McGann & Ketterman
111 East Wacker Drive, Suite 2600
Chicago, Illinois 60601
August 31, 2016